RUBBERMAID, INC., *v.* CLABER DISTRIBUTING CO. OF
CLEVELAND, OHIO, INC.

(No. 784774—Decided June 5, 1964.)

*Messrs. Thompson, Hine & Flory,* for plaintiff.
*Messrs. Metzenbaum, Gaines, Schwartz, Krupansky, Finley & Stern,* for defendant.

HOOVER, J.  In this action the plaintiff seeks injunctive relief and damages because of defendant's alleged violation of the Ohio Fair Trade Act.  The defendant demurs on the ground that the Act is unconstitutional.  This court now overrules defendant's demurrer because it believes it is so fenced in that it can do nothing else.

This court is manacled by three things:

1. Our own Court of Appeals' decision holding that the Act is constitutional, *Hudson Distributors, Inc., v. Upjohn Co.* (1961), 117 Ohio App. 207.

2. Our Supreme Court's decision affirming that decision of our Court of Appeals, *Hudson Distributors, Inc., v. Upjohn Co.* (1963), 174 Ohio St. 487.

3. The Constitution of the state of Ohio, Article IV, Section 2.

This lower court does not feel that it can in good conscience begin overruling decisions of its immediate higher court—the Court of Appeals—especially when the latter's decision has been affirmed by the Supreme Court.

True, the Supreme Court affirmed the *Hudson case* in a most dumbfounding way—only three judges voted for affirmance and constitutionality—while four judges voted for reversal and unconstitutionality. However, this bewildering result is especially commanded by an unbelievable provision of the Ohio Constitution—an out-of-step provision contained in no other state constitution, which reads (Article IV, Section 2):

"* * * No law shall be held unconstitutional and void by the supreme court without the concurrence of at least all but one of the judges, except in the affirmance of a judgment of the court of appeals declaring a law unconstitutional and void. * * *"

By this outrageous anomaly even the Supreme Court is fenced in. This fosters unjust and despicable lack of uniformity, a law being valid in some counties and invalid in others. It is even possible for something to be a crime in one county, but not in another.

Much as this court despises such unequal application of the law, it can no more overrule the Constitution than it can overrule its own Court of Appeals; but it can use this frustrating occasion to arrest the attention of responsible leaders of the state and say "Here is an odious constitutional provision that you should dedicate yourselves to get repealed." On principle, can anyone justly says that it is right that there should be one law for Franklin County and an exactly opposite law for the people of Cuyahoga?

Our own Court of Appeals may wish to reverse its position, but certainly it is not for this inferior court to attempt now to reverse its superior.

*Demurrer overruled.*